## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 29 2019, 10:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy Noe Dudas
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Dean Childers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 29, 2019

Court of Appeals Case No.
18A-CR-2956

Appeal from the Wayne Circuit Court

The Honorable David A. Kolger, Judge

Trial Court Cause No.
89C01-1702-F5-21

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, James Childers (Childers), appeals following his conviction for carrying a handgun without a license, a Level 5 felony, Ind. Code §§ 35-47-2-1(a); -(e)(2)(B).

We affirm.

# ISSUE

Childers presents one issue on appeal, which we restate as: Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he carried a handgun without a license.

# FACTS AND PROCEDURAL HISTORY

In January 2017, Childers was staying in the home of a long-time family friend, John Mills (Mills), in Cincinnati, Ohio. Childers brought a black backpack with him to Cincinnati. Unbeknownst to Mills, Childers also brought a black, nine-millimeter Smith & Wesson handgun with him into Mills' home. Because of his own criminal history, Mills was not allowed to have firearms in his home. After observing Childers with the handgun on multiple occasions, Mills told Childers that he would have to dispose of the handgun or leave his home. Childers was adamant about not parting with the handgun.

Mills had also learned that Childers had an active warrant for his arrest in an unrelated criminal matter in Wayne County, Indiana. Mills contacted the Richmond Police Department and advised that he would be driving Childers to

Childers' father's home in Richmond on January 23, 2017. Before leaving for Richmond, Mills observed Childers place Childers' black backpack in Mills' SUV. Mills asked Childers if he had disposed of the handgun, and Childers replied that he had not. Mills directed Childers to place the black backpack in the back of the SUV, out of arm's reach.

[6] Officers intercepted Mills' SUV in Richmond. After taking Childers into custody on the active arrest warrant, an officer asked Mills if there were any weapons in the SUV. Mills informed the officer that there was a handgun in the black backpack. The officer retrieved the backpack and readily observed the outline of a handgun in its front pocket. The officer removed the handgun, which was loaded, to secure it. The investigating officer obtained a search warrant for the backpack, the search of which yielded clothing belonging to Childers and a letter addressed to Childers enclosing a pre-paid debit card with Childers' name on it.

[7] On February 3, 2017, the State filed an Information, charging Childers with Class A misdemeanor carrying a handgun without a license. In a separate Information the State alleged that Childers had a previous Level 6 felony conviction for battery which enhanced the instant offense to a Level 5 felony. On October 30 and 31, 2018, the trial court conducted Childers' jury trial. Mills testified that he did not own a gun, did not own the black backpack found in his SUV, had no bags or luggage of his own in the SUV, and that none of the clothing or other items found in the black backpack were his. Mills identified the handgun found in the backpack as the handgun he had previously seen in

Childers' possession. Mills identified a shirt found in the backpack as having been worn by Childers when he stayed at Mills' home.

[8] The jury found Childers guilty of Class A misdemeanor carrying a handgun without a license. Childers then pleaded guilty to the enhancement of having a prior felony conviction. On November 26, 2018, the trial court entered judgment of conviction on the offense as a Level 5 felony and sentenced Childers to five years and 182 days.

[9] Childers now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Childers challenges the evidence supporting his conviction. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[11] The carrying a handgun without a license statute provides, in relevant part, that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." I.C. § 35-47-2-1(a). In the absence of actual possession, the State may prove the offense by showing that a defendant constructively possessed the handgun. *Grim v. State*, 797 N.E.2d 825, 830 (Ind. Ct. App. 2003) (collecting cases wherein our

supreme court applied constructive possession analysis to handgun offenses).  If a person does not have direct physical control over an item, he constructively possesses it if he has the capability to maintain dominion and control over it and he intends to maintain dominion and control over it.  *Negash v. State*, 113 N.E.3d 1281, 1291 (Ind. Ct. App. 2018).  Where a defendant has exclusive possession of the premises where the item was found, an inference arises that he knew of the presence of the item and was capable of controlling it.  *Id.* However, if possession of the premises is not exclusive, the inference arises only if additional circumstances indicate the defendant's knowledge of the item and the ability to control it.  *Id.*  Examples of these additional circumstances include incriminating statements by the defendant, attempted flight or furtive gestures, a drug manufacturing setting, proximity of the defendant to the item, whether the item is in plain view, and other items belonging to the defendant in close proximity to the item.  *Id.*  These are merely examples of additional circumstances which may show constructive possession.  *Cannon v. State*, 99 N.E.3d 274, 279-80 (Ind. Ct. App. 2018), *trans. denied*.  Other circumstances may just as reasonably demonstrate the requisite knowledge and intent.  *Id.*

[12]  Here, the evidence showed that Mills saw Childers with the handgun at issue in his home and that Childers refused to abandon the handgun when directed to do so by Mills.  Mills observed Childers place the backpack containing the handgun in the SUV.  The outline of the handgun in the pocket of the bulging backpack was readily apparent.  Other items belonging to Childers were found in the backpack, including his clothing and a letter addressed to him enclosing a

pre-paid debit card with his name on it. Mills denied owning the handgun or the backpack. Although possession of the SUV was not exclusive, as both Mills and Childers were in it when it was stopped, we conclude that the additional circumstances of Mills observing Childers place the backpack in the SUV, the outline of the gun being readily apparent in the pocket of the backpack, and Childers' property being found in close proximity to the handgun permitted the jury to conclude beyond a reasonable doubt that Childers knew the handgun was in the SUV and that he had the ability and intent to control it. *See Negash*, 113 N.E.3d at 1291.

[13] Childers' sole challenge to the sufficiency of the evidence is his contention that the State was required to show that he controlled the SUV itself in order to prove the offense. Childers relies on *Cole v. State*, 69 N.E.3d 552 (Ind. Ct. App. 2017), *trans. denied*, in which another panel of this court held that to

> support a conviction for carrying a handgun in a vehicle, the State is required to prove that: "(1) the defendant had control over the vehicle, (2) the unlicensed handgun was found in a vehicle, and (3) the defendant had knowledge of the weapons' presence." *Henderson v. State*, 715 N.E.2d 833, 835 n.2 (Ind. 1999).

*Id*. at 560. However, *Henderson* itself held that "when a car has multiple passengers, a gun near a backseat passenger and no permit" a jury can infer possession by the backseat passenger for purposes of a carrying a handgun without a license conviction. *Henderson*, 715 N.E.2d at 837. In addition, the *Cole* court held that the offense of carrying a handgun without a license may be

established where it is shown that "a handgun was found in a vehicle and that the defendant had control *of either the weapon or of the vehicle with knowledge of the weapon's presence*." *Cole*, 69 N.E.3d at 560 (quotation omitted and some emphasis added). Thus, *Cole* and *Henderson* do not stand for the proposition that the State may only prove the offense by establishing that the defendant controlled the vehicle. Indeed, this court has held that, while a passenger's mere presence in a vehicle in which a handgun is transported does not establish the offense, "this does not mean that a passenger in a car is precluded from being prosecuted for the handgun offense." *Grim*, 767 N.E.2d at 830-31. The State established that Childers constructively possessed the handgun in question while in Mills' SUV, and the State was not required to also establish that Childers controlled the SUV.

# CONCLUSION

Based on the foregoing, we conclude that the State proved beyond a reasonable doubt that Childers carried a handgun without a license.

Affirmed.

Bailey, J. and Pyle, J. concur